687 P.2d 19

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Bryan Olene SPURGEON, Defendant-Appellant.**

**No. 14454.**

Court of Appeals of Idaho.

Aug. 29, 1984.

W. Michael Walz, Twin Falls County Public Defender, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Stephen J. Gledhill, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

Bryan Olene Spurgeon entered pleas of guilty to the charges of second-degree kidnapping, conspiracy to commit extortion and attempted extortion. After a presentence investigation was conducted, the district court sentenced Spurgeon to fifteen years on the charge of kidnapping, five years for conspiracy and three years for attempted extortion. The sentences were to run concurrently. Spurgeon seeks review, contending the district court abused its sentencing discretion by not retaining jurisdiction for the first 120 days so that execution of the sentences could be suspended and Spurgeon could be released on probation. *See* I.C. § 19–2601. We affirm the sentences.

Late in the evening of May 11, 1981, after learning that Bart Downs was at work as the manager of an Albertson's store in Twin Falls, Idaho, Spurgeon went to the Downs' apartment. On a false pretext, Spurgeon gained admittance to the

apartment where he pulled a gun on Mrs. Downs and held her captive. Spurgeon was then joined by Charles Lopez and Russell Piper in the apartment. The trio attempted to obtain money from Mr. Downs and the Albertson's store. Lopez called the store and talked to Mr. Downs, but when Mr. Downs said he had access to only $200 the men abandoned their plan and left the apartment. Mrs. Downs was threatened with physical harm if she attempted to report this incident. Four days later the men were arrested in Cassia County when they took a bank manager hostage in a similar attempt to obtain money.[1]

■ Sentencing falls within the district court's discretionary power. *State v. Delin,* 102 Idaho 151, 627 P.2d 330 (1981). A sentence will not be overturned on appeal unless the defendant can show "clear abuse of discretion" by the district court. *State v. Bartholomew,* 102 Idaho 106, 625 P.2d 1109 (1981); *State v. Dillon,* 100 Idaho 723, 604 P.2d 737 (1979). A sentence that is within the limits prescribed by statute ordinarily will not be an abuse of discretion. *State v. Wilson,* 100 Idaho 725, 604 P.2d 739 (1979). Kidnapping in the second degree invites a maximum penalty of twenty-five years. I.C. § 18–4504. Conspiracy to commit extortion carries a sentence of up to five years, I.C. §§ 18–1701 and –2803, and attempted extortion is punishable by imprisonment not to exceed three years, I.C. § 18–2808.[2] Therefore, all the indeterminate sentences Spurgeon received were within the statutory limits.

Spurgeon contends that he should have been granted probation or that the district court should have retained jurisdiction for 120 days so he could be placed on probation after a relatively short period of confinement. Spurgeon stresses that up until this point he had had a good record, kept a steady job and was a sergeant in the U.S. Army National Guard. He also points to a psychiatric evaluation performed by Dr. Richard Worst who concluded that the likelihood of Spurgeon engaging in similar criminal activity was small.

■ The decision whether to grant probation or to impose a sentence of imprisonment is within the discretion of the sentencing court. Its decision to deny probation will not be overturned unless the appellant shows there was a clear abuse of discretion. *State v. Ogata,* 95 Idaho 309, 508 P.2d 141 (1973); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). In determining whether probation or imprisonment is appropriate, the district court is required to consider the criteria set forth in I.C. § 19–2521.

■ Here the district court gave no explanation or reasons for the sentences imposed. The court did not mention any of the criteria in I.C. § 19–2521 for evaluating whether probation or imprisonment was appropriate. In a close case, where probation appears to be a viable choice, the denial of probation, without any indication in the record that § 19–2521 criteria were considered, would require us to vacate and remand for resentencing. However, this is not such a case. Here the record shows the district judge was informed that on the previous day, before another judge in Cassia County, Spurgeon had been sentenced to four concurrent, indeterminate fifteen-year sentences for the crimes we have already mentioned. The nature and extent of those other crimes were detailed in the presentence report used in the present case. Thus, the record shows that the option of granting probation in this case was

---

1. Spurgeon had been involved in a multi-county crime spree with Charles T. Lopez, Russell Piper and James Lopez. The group robbed a grocery store in Burley and a gas station in Heyburn. They also kidnapped the manager of a bank in Burley, and burglarized his home. Spurgeon also pled guilty to those offenses.

  The day before Spurgeon was sentenced in this case, he had been sentenced in Cassia County for the above-mentioned offenses. He re-

ceived four concurrent fifteen-year indeterminate terms of imprisonment. The sentences in this case also ran concurrent with the Cassia County sentences. Those sentences are the subject of another appeal which we mention later.

2. I.C. §§ 18–2803 and –2808 were repealed after the crimes here were committed, but prior to sentencing.

not viable even if the judge might have otherwise been inclined to consider that option. No abuse of discretion has been shown in the denial of probation.

In this appeal Spurgeon has not contended that the *length* of any of the sentences imposed here was excessive. We will not, therefore, undertake any gratuitous review of the reasonableness of those sentences. We will note that the fifteen-year indeterminate sentence for the kidnapping is within the twenty-five year maximum for kidnapping in the second degree. I.C. § 18–4504(2). The other two sentences are likewise within statutory limits. The only indication in the record of why the court chose to give Spurgeon fifteen years is that this term matches the sentence Spurgeon received the previous day for a similar offense. In that respect, this case parallels the circumstances presented in *State v. Salinas*, 103 Idaho 54, 644 P.2d 376 (Ct.App. 1982), where we upheld the sentence although the record disclosed no explanation by the district judge of the particular factors considered in that sentencing decision. We also note that Spurgeon appealed his sentences in the three companion cases from Cassia and Minidoka Counties. (Supreme Court nos. 14438, 14439 and 14441.) Those appeals were also assigned to this court and in a separate opinion issued August 29, 1984 we affirmed those sentences.

 The sentences here are also affirmed.

WALTERS, C.J., and BURNETT, J., concur.