687 P.2d 585

The STATE of Idaho,
Plaintiff-Respondent,

v.

John BURROUGHS, Jr.,
Defendant-Appellant.

No. 14123.

Court of Appeals of Idaho.

Aug. 30, 1984.

John C. Souza, of Whittier & Souza, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Jean R. Uranga and Myrna A.I. Stahman, Deputy Attys. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

John Burroughs, Jr., pled guilty to aggravated battery, I.C. §§ 18–903, –907. He was sentenced to the custody of the Board of Correction for an indeterminate term of four years. However, the district court retained jurisdiction for 120 days. *See* I.C. § 19–2601(4). Burroughs has appealed from this sentence, contending that the court abused its discretion by failing to place him on immediate probation and by imposing an excessive sentence. We affirm.

Idaho Code § 19–2521 provides that a sentencing court should "deal with" a convicted person without imposing a sentence of imprisonment unless it determines that imprisonment is "appropriate for protection of the public." The statute then lists several criteria to aid the court in determining whether imprisonment is appropriate:

(a) There is undue risk that during the period of a suspended sentence or probation the defendant will commit another crime; or

(b) The defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(c) A lesser sentence will depreciate the seriousness of the defendant's crime; or

(d) Imprisonment will provide appropriate punishment and deterrent to the defendant; or

(e) Imprisonment will provide an appropriate deterrent for other persons in the community; or

(f) The defendant is a multiple offender or professional criminal.

Burroughs argues that the district court erred by failing to consider these criteria or, even if it did, by failing to clearly inform him of the reasons the court had for choosing imprisonment over probation.

In *State v. Lloyd*, 104 Idaho 397, 400, 659 P.2d 151, 154 (Ct.App.1983), we said:

[t]he task of evaluating the circumstances of a crime, and of a defendant's prior record, is committed to the sentencing court, in the first instance, to determine whether a term of imprisonment should be imposed. I.C. § 19–2521. We will not supercede that court's consideration of those factors with our own opinion as to the weight of any individual factor.

We also decline to require a sentencing court to check off or recite each of the criteria of I.C. § 19–2521 for the benefit of the defendant. Here, prior to announcing its sentence, the court issued a detailed statement, touching upon Burroughs' youth, his potential for rehabilitation, his prior record, the seriousness of the crime, and the deterrent effect of imprisonment on both the defendant and the community. The court referred to "legislative guidelines" although it did not cite I.C. § 19–2521 by name. It is evident the court considered many, if not all, of the criteria of that statute. We hold that this was sufficient. We further hold that it was not an abuse of discretion for the court to impose some period of incarceration for Burroughs as opposed to a grant of immediate probation.

We turn now to the question of whether the sentence was excessive. The presentence report was not made a part of the record on appeal, yet it is evident Burroughs was not a "hardened" criminal. He was nineteen and, although he apparently had committed a few misdemeanors, he had no felony conviction to blacken his record. Nevertheless, we note that he could have been sentenced to fifteen years in the state penitentiary. A sentence within the statutory maximum will not be set aside unless the defendant affirmatively shows that the sentencing court abused its discretion. *State v. Cotton*, 100 Idaho 573, 602 P.2d 71 (1979). We have repeatedly held that "a term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deter-

rence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

■ We cannot say that the sentence actually imposed was excessive. We take this position because the court retained jurisdiction under I.C. § 19–2601(4) with the announced intention "to personally recommend that during the retained jurisdiction, and after the initial introduction to the State Penitentiary as usual, that you be sent to the Cottonwood facility [North Idaho Correctional Institution]." The court believed that NICI, a minimum security facility designed for young first offenders, would combine needed incarceration with positive training and education which would enable the court to "safely" consider probation for Burroughs at the expiration of the 120-day period. Because the judge gave sound reasons for the sentence imposed and because his retained jurisdiction would enable him to modify the sentence in the event the proposed rehabilitative measures were not followed, we affirm the sentence.

WALTERS, C.J., and BURNETT, J., concur.