762 P.2d 838

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gary STATEN, Defendant–Appellant.**

**No. 16934.**

Court of Appeals of Idaho.

Oct. 4, 1988.

Greg J. Fuller of Fuller & Meservy, Jerome, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Gary and Rosemary Staten entered pleas of guilty to the misdemeanor of injury to children under I.C. § 18–1501(2). A magistrate sentenced each defendant to serve six months in the county jail. At a subsequent hearing to reconsider the sentences, Rosemary's sentence was suspended in favor of a two-year probation but Gary's sentence was not modified. He appealed his sentence, first to the district court which affirmed the magistrate's decision and next to this Court. We also affirm.

Initially, the Statens were charged with involuntary manslaughter arising from the death of the Statens' eleventh-month old daughter, Tanya. Tanya had contracted a respiratory ailment in November 1984 while she was approximately nine months old. This illness lasted several weeks, and for the ensuing three months Tanya suffered intermittent relapses until her death in early February 1985. A pathologist concluded that Tanya's death was caused by a combination of malnutrition, bronchitis and bronchial pneumonia. He further concluded that malnutrition had predisposed Tanya to development of the bronchial pneumonia and the bronchitis.

During the course of Tanya's illness, the Statens did not take Tanya to a physician for examination or medical care, nor did they use pharmaceutical medications except for limited treatment of skin lesions. Tanya's treatment consisted primarily of specialized diets including fruit juices and pureed vegetables, hygienic maintenance, and oil rubs. The Statens' response to Tanya's medical condition was rooted in certain religious, sociological and philosophical beliefs held by the family. This involved a holistic and natural home-healing philosophy which included an unconventional approach to diet and discouraged the use of commercially available medicines and medical treatment. Combined with this philosophy were Gary's previous experiences with the medical profession, which he characterized as "negative," and his strong religious convictions.

Under the terms of a plea agreement with the state, the charge of involuntary manslaughter was reduced by amendment to the misdemeanor of injury to children, I.C. § 18–1501(2). At the hearing, the prosecution characterized the death of Tanya as a tragedy brought on by the Statens' adherence to their natural home-healing philosophy. The state found no malice in the Statens' actions. Rather, the state described the Statens' unconventional treatment, avoiding the use of modern medicine, as a criminally negligent failure to perform their duty to care for Tanya. The state theorized that the dangers of practicing this philosophy warranted public exposure of the situation, which had been achieved by the filing of the manslaughter charge. The state reduced the charge in light of the trauma suffered by the Statens and because of their willingness to admit their errors and to re-educate themselves about child care, nutrition and health. The Statens then pled guilty to the amended charge. The case was then assigned to a magistrate for sentencing.

The state recommended that the Statens be sentenced to confinement for six months, but that the sentence be suspended and probation be ordered for two years. Terms of probation suggested by the state included granting the Department of Health and Welfare protective supervision of the Statens' other children, participation of the entire family in a nutrition assessment, regular pediatric examinations for those children, a nutrition education program, periodic visits to the Statens' home by Health and Welfare case workers and community members, and the appointment of a physician for the children.

However, the magistrate chose not to follow the state's recommendation. Instead, the magistrate sentenced the Statens to six months in the Jerome County jail, the maximum sentence for the misdemeanor charge, without suspending any part of the sentences. The Statens then filed a motion for reconsideration. Reluctantly, the magistrate suspended Rosemary's sentence and granted probation to her in order to lessen the effect on the remaining children and to ensure a means of state supervision. All of the terms recommended by the state, including the Department of Health and Welfare programs, physician appointments, and nutritional education, were made conditions of Rosemary's probation. Gary's sentence was not changed.

Gary appealed to the district court, raising two interrelated issues: whether the magistrate abused his discretion by entering a six-month sentence and denying probation; and whether the magistrate erred by failing to follow the sentencing recommendations of the state. The district court held that the magistrate had not abused his discretion in denying probation and imposing the six-month sentence. The district court found that, in considering whether to grant probation, the magistrate had failed to follow the precise format of the probation statute, I.C. § 19–2521, but that the magistrate had given adequate consideration to the applicable criteria of the statute. The district court determined that while the sentence did carry a harsh impact on the family and the remaining children, this was considered by the magistrate and ultimately resulted in the suspension of Rosemary's sentence. The district court also held that the failure of the sentencing judge to follow the state's sentencing recommendations did not constitute error. The judge who accepted Gary's guilty plea had clearly explained that the court was not bound by the sentencing recommendations as those suggestions were merely advisory. The sentencing court was free to disregard the recommendations and exercise its independent judgment in sentencing. Following the decision of the district court, Gary filed this appeal again seeking review of the magistrate's judgment.

We will first address the issue of whether Gary should have been granted probation. As a sentencing alternative, probation is within the sound discretion of the sentencing court, *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), and a decision to deny probation will not be reversed absent a showing of an abuse of that discretion. *State v. Bowman*, 106 Idaho 446, 680 P.2d 868 (Ct.App.1984). In the determination of whether probation or imprisonment is appropriate, the sentencing judge is required to consider the criteria set forth in I.C. § 19–2521. *State v. Spurgeon*, 107 Idaho 175, 687 P.2d 19 (Ct.App. 1984). Our review of the sentencing judge's consideration of those criteria is not intended to supersede the judge's determination, but is instead limited to a review, under all the circumstances, of whether the lower court abused its discretion in its consideration of those criteria. *State v. Lloyd*, 104 Idaho 397, 659 P.2d 151 (Ct.App.1983). Although a judge must consider the criteria of I.C. § 19–2521 in deciding whether to grant probation, we do not require the judge to recite and make a specific finding on each criteria. *State v. Burroughs*, 107 Idaho 195, 687 P.2d 585 (Ct.App.1984).

■ While the magistrate failed to explicitly state in the record a point-by-point list of the I.C. § 19–2521 criteria, his statements indicate that due consideration was given. In his discussion of the sentence and probation, the magistrate acknowledged that Gary Staten was not motivated by malice in the actions that resulted in the death of his daughter but instead by the adherence to his unconventional beliefs and health-care treatment methods. The magistrate focused on these beliefs in his comments regarding the sentence and the possibility of probation. In his statements the magistrate clearly noted his view that only incarceration could impress upon Gary the consequences of his beliefs and effect an appropriate modification of his behavior. The sentence would also serve as a deterrent to other persons, dissuading them from putting their children at risk of injury or death. The magistrate also noted

Gary's potential for rehabilitation, balanced against a concern that a lesser sentence would depreciate the seriousness of the grave offense. Consideration was given to the impact of the sentence upon the Staten family but the magistrate perceived the effect of incarceration, rather than probation, to be of greater rehabilitative value. While our own views might lead us to disagree with this latter conclusion, we cannot say that denial of probation was an abuse of discretion in light of all the relevant criteria.

As to the length of the sentence, the trial court possesses discretionary authority to determine an appropriate sentence. *State v. Wheeler,* 109 Idaho 795, 711 P.2d 741 (Ct.App.1985). A sentence that is within the limit prescribed by statute ordinarily will not be overturned absent a showing of an abuse of discretion. *State v. Lee,* 111 Idaho 489, 725 P.2d 194 (Ct.App.1986). Idaho Code § 18–1501(2), under which Gary was charged, is a misdemeanor punishable by a sentence of imprisonment in the county jail not to exceed six months and a fine not to exceed $300. *See* I.C. § 18–113.

Under I.C. § 20–621 Gary has the possibility of having his sentence reduced for good behavior. Moreover, under I.C. § 19–2601(2), the magistrate may at any time during the term of the sentence suspend the balance of the jail sentence and place Gary on probation. Circumstances which have developed since the date of sentencing, or which may hereafter develop, might justify modification of this sentence. However, we conclude that the court's sentence of six months in jail was within the statutory limit and it has not been shown to be an abuse of discretion.

The judgment of conviction and the sentence imposed by the magistrate are affirmed.

WALTERS, C.J., and BURNETT, J., concur.