803 P.2d 1015

STATE of Idaho, Plaintiff–Respondent,

v.

Thomas CARDENAS,
Defendant–Appellant.

No. 18493.

Court of Appeals of Idaho.

Jan. 7, 1991.

Jonathan W. Cottrell, Sandpoint, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Thomas Cardenas, also known as Octaviano Garcia Cardenas, appeals from his judgment of conviction for possession of cocaine. Cardenas pled guilty and was given a three-year unified sentence, requiring a one-year minimum period of incarceration. In this appeal, we are asked to determine whether Cardenas' sentence is excessive. We affirm.

Possession of cocaine is a felony which carries a maximum penalty of three years in prison and/or a $5,000 fine. I.C. § 37–2732(c)(1). When a sentence is within the legal limits, it will not be disturbed on appeal absent an abuse of discretion. A judge will not be deemed to have abused his discretion unless the sentence is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982).

The reasonableness of a sentence is determined by focusing on the probable minimum length of confinement. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App.1982); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). In this

case, Cardenas must serve one year in prison before being eligible for parole. The reasonableness of this period is to be gauged against well-recognized sentencing goals. These include protection of society, retribution, deterrence and rehabilitation. *State v. Toohill, supra.* A sentence is unreasonable and therefore an abuse of discretion, if it exceeds the amount of time necessary to achieve these sentencing goals. *Id.* In addition, when considering the sentencing criteria announced above, we focus on the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

Cardenas was initially charged with delivery of cocaine. The charge stemmed from Cardenas' sale of one and one-quarter grams of cocaine to a police informant, whom Cardenas approached in a parking lot of a bar in Sandpoint, Idaho. The state later agreed to reduce the charge to possession of cocaine. In exchange for a guilty plea to the possession charge, the state agreed to recommend a suspended sentence of imprisonment so that Cardenas would not have to serve more than thirty days in jail, if probation proved to be successful. The district judge did not agree to be bound by this sentencing recommendation, but Cardenas nevertheless agreed to plead guilty to possession of cocaine.

As for Cardenas' character, the presentence report disclosed that he has an extensive criminal record. Cardenas has been convicted of such crimes as forgery, petit theft, burglary, robbery and driving while under the influence of alcohol. For many of these offenses, Cardenas received probation and/or a fine. In fact, the record discloses that prior to committing the current offense, Cardenas had violated probation on several occasions. The presentence report revealed that Cardenas had used numerous aliases and that he had never maintained steady employment. The district judge also was concerned because Cardenas had failed to appear at some of the scheduled court proceedings, despite repeated warnings about the consequences of failing to appear. Based on this infor-

mation, the district judge concluded that a period of incarceration—more substantial than the state had recommended—was necessary because Cardenas was not likely to benefit from probation.

■ Cardenas argues that the district judge failed to consider the criteria enumerated in I.C. § 19–2521 before denying probation and sentencing him to incarceration. The standard for reviewing this decision is the same as our standard for reviewing an excessive sentence. We will not overturn this decision absent an abuse of discretion. *State v. Spurgeon,* 107 Idaho 175, 687 P.2d 19 (Ct.App.1984). In addition, the sentencing court need not recite each of the criteria in I.C. § 19–2521 for the benefit of the defendant. *State v. Burroughs,* 107 Idaho 195, 687 P.2d 585 (Ct. App.1984). The sentencing court need only consider these guidelines prior to making the probation decision.

After reviewing the record, we cannot say that Cardenas' sentence is unreasonable. Nor do we find that the district judge failed properly to consider the sentencing criteria announced in I.C. § 19–2521. We find no abuse of discretion. The judgment of conviction and sentence are affirmed.

WALTERS, C.J., concurs.

SILAK, Judge, specially concurring.

It does not appear from the record that the district court, in imposing sentence, followed the legislative guidelines for determining whether to impose a sentence of imprisonment rather than probation, in that it does not appear that the district court considered whether any of the mitigating factors listed in I.C. § 19–2521(2) were present in this case. *See State v. Burroughs,* 107 Idaho 195, 196, 687 P.2d 585, 586 (Ct.App.1984) (while the district court need not recite each of the criteria of I.C. 19 § 19–2521 for the benefit of the defendant, it did consider many, if not all, of the criteria of the statute). I specially concur in the result reached by the majority, however, because I do not find that the sentence imposed is excessive under the criteria of *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).