853 P.2d 1

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ronnie Wray CASPER, Defendant–Appellant.**

**No. 20175.**

Court of Appeals of Idaho.

May 25, 1993.

Bruce H. Greene, Sandpoint, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is a sentence review case. Ronnie Wray Casper pled guilty to second degree burglary and was committed to the custody of the Board of Correction for five years, with a three-year minimum period of confinement. On appeal, he contends that his sentence is unreasonable. In particular, he takes issue with the district court's failure to indicate that it had considered the criteria found in I.C. § 19–2521 for determining whether a defendant should receive a prison sentence as opposed to a lesser sentence, including probation. We hold that the record supports a sentence of imprisonment rather than probation, but we order a modification of the sentence to require a minimum period of confinement of eighteen months, to be followed by an indeterminate period of forty-two months.

The burglary conviction in this case resulted from a plea agreement. Casper had been charged with the theft, in March of 1992, of a firearm from a friend's house. The charged offense—grand theft—would have carried a maximum penalty of fourteen years imprisonment and a fine of $5000. I.C. §§ 18–2407(1)(b)(6); –2408(2)(a). However, in exchange for a plea of guilty, the prosecutor agreed to amend the charge to second degree burglary. Upon his plea to that charge, Casper received the five-year sentence, which is within the maximum permitted for that crime at the time it was committed. I.C. § 18–1403.[1]

---

1. Subsequent to the alleged crime in this case, the legislature repealed the statutes making first and second degree burglary separate offenses and enacted a new provision specifying a general penalty of not less than one nor more than ten years' imprisonment, for the singular crime

At the time Casper pled guilty to this offense, he was 34 years old. He admitted stealing the firearm, which he pawned to obtain money to spend drinking in a tavern. His prior record showed a withheld judgment and probation for petty theft in 1978; a conviction and sentence of fifteen years in the Montana state penitentiary for robbery in 1979 (Casper served three years in incarceration and then successfully completed a parole program); and a misdemeanor conviction in Oregon in 1986 for possession of marijuana. These facts were disclosed to the court through a presentence report prepared in Casper's case. The presentence investigator recommended that Casper be sentenced to a term of incarceration "for a time deemed appropriate by the Court," and further suggested several conditions for probation in the event that supervised probation was ordered by the court. The prosecutor deferred to the presentence investigator's recommendation, while Casper's counsel argued for a period of six months' incarceration in the local jail followed by probation. At the point of allocution, Casper told the judge:

> It has taken me quite a lengthy period of time to realize that my problem dealing with the law is involved with alcohol and drug abuse, and coming to that realization, the only way I can stay out of trouble is stay away from these substances.

> And I am sorry for the crime I committed.

> And basically, I just throw myself on the mercy of the Court.

 The court then imposed a five-year sentence with three years' minimum confinement. The court expressed no reasons whatsoever for its decision. Casper focuses on the lack of any statement by the court supporting the sentence imposed, as the ground for his contention on appeal that the sentence was unreasonable. Specifically, he submits that the court's failure to explain why a term of imprisonment was preferable to granting probation contravenes the provisions of I.C. § 19–2521. He

asks that his sentence be modified to provide credit for time served and then for release on probation.

We are not persuaded that the court erred by failing to articulate its consideration, if any, of the criteria in I.C. § 19–2521. We previously have held that a sentencing court need not recite those criteria into the record for the benefit of the defendant. *State v. Cardenas*, 119 Idaho 109, 803 P.2d 1015 (Ct.App.1991); *State v. Burroughs*, 107 Idaho 195, 687 P.2d 585 (Ct. App.1984). Here, the exercise of discretion upon choosing either to order imprisonment or to place the defendant on probation in the present case would be fully supported by application of the factors set forth in section 19–2521 to the facts in light of the defendant's background, regardless of which choice was selected by the district court. Consequently, we hold that the choice of imprisonment was not an abuse of that discretion. However, we are left with the broader question suggested by Casper, that is, if the district court did not abuse its discretion by deciding to impose a sentence of imprisonment, was the sentence in this case nevertheless unreasonable?

 Preliminarily, we note that appellate review of a sentence is based on the same abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). We also recognize that sentencing determinations cannot be made with precision and, in deference to the discretionary authority vested in Idaho's trial courts, we generally will not substitute our view for that of a sentencing judge where reasonable minds might differ. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). It is also true that trial judges are not necessarily required to articulate their reasons for the imposition of a particular sentence. *State v. Nield*, 106 Idaho 665, 682 P.2d 618 (1984). Nonetheless, the court below did not address any of the sentencing criteria or disclose why a fixed minimum period of three years' actual confinement was necessary to accomplish the objectives of sentencing. As a result, we are not presented

of burglary. 1992 Idaho Sess.Laws, ch. 167, p. 531.

**798**

with any "reasoned basis" for the exercise of that discretion. *See State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989); *Quick v. Crane,* 111 Idaho 759, 727 P.2d 1187 (1986); *Associates Northwest, Inc. v. Beets,* 112 Idaho 603, 733 P.2d 824 (Ct.App. 1987); *State v. Joslin,* 120 Idaho 462, 816 P.2d 1019 (Ct.App.1991). The absence of any expressed, determinative reasons deemed important casts a shadow on the propriety of the terms of the sentence formulated by the court below. Under these circumstances, we will reconsider the appellant's sentence on the record, in light of the established sentencing criteria. *State v. Joslin, supra.*

In *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989), we explained that the factors of retribution and deterrence are particularly important considerations to the extent that a minimum period of confinement represents the "price" of a crime. Conversely, the factors of rehabilitation and protection of society are applicable insofar as the minimum period establishes a prospective time frame for institutional correction programs and for evaluation of the prisoner's eventual suitability for parole. *Id.* at 777–78; 769 P.2d at 1149–50. We also noted that, in applying these criteria during appellate examination of a sentence in any given case, "we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender," *citing State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). *Id.* at 778, 769 P.2d at 1150.

In the instant case, our independent review of the information presented to the district court, concerning the circumstances and nonviolent nature of the crime, the background and character of the defendant and the protection of the public interest, *State v. Reinke, supra,* leads us to conclude that three years' minimum incarceration is unreasonable as the period of time necessary to temporarily protect society from Casper or to accomplish any of the goals of deterrence, rehabilitation or punitive retribution as those criteria are to be considered under *Sanchez.* In our view, these purposes reasonably can be served by a minimum period of incarceration of less than three years and we also conclude that a period of eighteen months would be sufficient.

Accordingly, Casper's five-year sentence to the custody of the Board of Correction is modified by requiring a minimum term of confinement of eighteen months, to be followed by an indeterminate period of forty-two months and, as modified, the judgment of conviction and unified sentence are affirmed. *State v. Shideler,* 103 Idaho 593, 651 P.2d 527 (1982).

SWANSTROM, J., and SCHWARTZMAN, J. Pro Tem., concur.