954 P.2d 692

STATE of Idaho, Plaintiff–Respondent,

v.

Alfredo G. CASTRO, Jr., Defendant–
Appellant.

No. 23639.

Court of Appeals of Idaho.

Feb. 27, 1998.

Van G. Bishop, Canyon County Public De-
fender, Nampa, for defendant-appellant.

Alan G. Lance, Attorney General, Cather-
ine O. Derden, Deputy Attorney General,
Boise, for plaintiff-respondent.

PERRY, Judge.

This is a sentence review. Alfredo G. Cas-
tro, Jr. was charged with burglary, I.C.
§ 18–1401; aggravated assault, I.C. §§ 18–
901 and –905(b); and grand theft, I.C. §§ 18–
2403(1) and –2407(1)(b). Pursuant to a plea
agreement, Castro pled guilty to burglary
and grand theft, and the state dismissed the
aggravated assault charge. The district
court sentenced Castro to the maximum term
of confinement for both crimes, fourteen
years for grand theft and ten years for bur-
glary, and ordered the fixed sentences to run

consecutively, but retained jurisdiction for 180 days. At the end of the retained jurisdiction period, the district court placed Castro on probation for ten years. Castro has filed this timely appeal claiming that the district court's consecutive fixed sentences are excessive and unreasonable.

■ An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

Before pronouncing sentence, the district court explained to Castro that the presentence investigation (PSI) report did not have adequate information regarding Castro's personal background, including who his family was, where he had been and what he had done. The presentence investigator reported that Castro either refused or was reluctant to give information regarding his family, past employment and the places that he had lived. Castro claims on appeal that the district did not have adequate information to sentence him. Also and consequently, Castro argues the district court did not present a reasoned basis for the sentences for this Court to review on appeal. Therefore, Castro claims, the district court abused its discretion by imposing the maximum sentences allowed under Idaho law.

■ A trial court is not required to recite the sentencing criteria to the defendant before pronouncing sentence. *State v. Casper,* 123 Idaho 796, 797, 853 P.2d 1, 2 (Ct. App.1993); *State v. Cardenas,* 119 Idaho 109, 111, 803 P.2d 1015, 1017 (Ct.App.1991). However, the absence of any expressed determinative reasons deemed important casts a shadow on the propriety of the terms of the sentence. *Casper,* 123 Idaho at 798, 853 P.2d at 3. Therefore, we will conduct an independent review of the record, in light of the sentencing criteria, to decide whether the district court abused its discretion by sentencing Castro to a fixed term of twenty-four years. *Casper,* 123 Idaho at 798, 853 P.2d at 3. Although Castro's sentences have been suspended and he is presently on probation, he could be required to serve the sentences of imprisonment if his probation is revoked. Therefore, we review these sentences to determine whether they represent an abuse of the district court's discretion.

For our review, the sentencing goals of "retribution and deterrence are particularly important considerations to the extent that a minimum period of confinement represents the 'price' of a crime." *Casper,* 123 Idaho at 798, 853 P.2d at 3. Conversely, the sentencing goals of rehabilitation and the protection of society are important because the minimum period of confinement establishes a "prospective time frame for institutional correction programs and for evaluation of the prisoner's eventual suitability for parole." *Id.* A court can carefully structure multiple sentences to ensure that "correctional authorities will confine an offender for a lengthy period, but [should do so] without rigidly forcing them to hold the inmate in prison long after rehabilitative progress or the biological effects of increasing age may have ameliorated the risk of recidivism." *State v. Amerson,* 129 Idaho 395, 408, 925 P.2d 399, 412 (Ct.App.1996) (twenty-five-year consecutive sentences were modified to concurrent sentences where charges arose from a single incident of criminal behavior and, in light of other circumstances, because twenty-five years would sufficiently protect the pub-

lic interest). Phrasing our test specifically for this case, Castro's consecutive sentences totaling a fixed twenty-four years are appropriate only if they are necessary to protect society, to deter Castro and others, if Castro's rehabilitation is unlikely, or if Castro's behavior giving rise to this crime was so egregious that a determinate twenty-four-year period is necessary for proper punishment or retribution. *See State v. Jackson*, 130 Idaho 293, 295, 939 P.2d 1372, 1375 (1997).

■ In this case Castro pled guilty to two crimes, grand theft and burglary, which arose from the same incident. Castro and a companion knocked on the apartment door of two other young men. A fight broke out and the two apartment dwellers were able to force Castro and his companion out of the apartment. Moments later, Castro and his companion broke down the door of the apartment and the two apartment dwellers fled. Castro and his companion stole a wallet, a television and car keys.

According to the PSI report, Castro, at the time of sentencing, was twenty-one years old and affiliated with a gang. Admittedly, Castro's short life has, thus far, consisted of extensive criminal activity. At age nine, Castro was adjudicated for theft in Oregon. Since that first offense, Castro has committed numerous crimes, spanning from Oregon to Idaho.

In addition, Castro conducted himself in an abhorrent manner while incarcerated and awaiting the district court's sentence in this case. The district court, aware of this information, imposed the maximum sentence on both counts, fourteen years for grand theft and ten years for burglary, and ordered the sentences to run consecutively for a total of twenty-four years fixed. The district court stated that Castro is either an "individual who has gone through some experiences that have created severe ... emotional and psychological instability, or that [he is] an individual who doesn't care, and in fact enjoys crime—enjoys hurting people. I don't know which one it is."

In light of his criminal record, we agree that society needs protection from Castro until such time that parole authorities may determine him suitable for an intensively su-pervised release. However, twenty-four years fixed is excessive and unreasonable, defeating any hope of rehabilitation while within the prison system. Castro is twenty-one years old and is being sentenced for crimes arising out of a single incident. The sentences, as imposed, would require Castro to spend a large portion of his adult life in prison without any opportunity or encouragement to prove that the decisions he made in his early adult life were youthful mistakes and that he can effectuate a change in his attitude, modifying his criminal behavior. Although Castro has committed serious crimes, we conclude that he should not be required to serve the maximum possible sentence in each case consecutively without being given any chance to prove that he is suitable for a parole-supervised release.

■ Accordingly, Castro's sentences are modified to a unified fourteen years, with ten years fixed, for grand theft and ten years fixed for burglary, to run concurrently. *See, e.g., State v. Dunnagan*, 101 Idaho 125, 609 P.2d 657 (1980) (consecutive fourteen-year sentences for two grand larceny charges were ordered to run concurrently because co-defendants were twenty and twenty-one years old—the sentences were more than double the length of their natural lives and did not allow for potential rehabilitation). This modification will give Castro an opportunity to rehabilitate himself, will still protect society, will deter Castro and others, and will adequately punish Castro for his thefts. Once the determinate portions of his sentences are finished, the Commission on Pardons and Parole will then have an opportunity to determine whether Castro has rehabilitated. If he demonstrates, during his incarceration, that he has changed his attitude and can be a productive member of society, then he should be able to rejoin society. However, if he fails to make a substantial change, the Commission may determine to continue Castro's incarceration for the full term of fourteen years.

LANSING, C.J., and SCHWARTZMAN, J., concur.