61 P.3d 632

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dwight E. REBER, Defendant–Appellant.**

No. 27593.

Court of Appeals of Idaho.

Oct. 30, 2002.

Review Denied Jan. 17, 2003.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Kimberly J. Blas, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

A jury found Dwight E. Reber guilty of lewd conduct with a minor under sixteen, I.C. § 18–1508. Reber appeals from the judgment of conviction and sentence imposed, arguing that the district court erred by denying his motion for self-representation and by failing to consider the sentencing criteria in I.C. § 19–2521 in determining his sentence. We affirm.

## I.

### FACTS AND PROCEDURAL HISTORY

Reber was charged with two counts of lewd conduct with a minor under sixteen based on two separate alleged occurrences with the same victim, his stepdaughter C.P.N. On April 10, 2001, the state and Reber's counsel selected the jury for the trial. After the jury had been sworn, but before opening statements, the district court allowed the parties to address any preliminary matters. Outside the presence of the jury, Reber expressed dissatisfaction with his counsel and their defense strategy. He did not request substitute counsel or to represent himself. The district court noted Reber's dissatisfaction and stated that Reber's counsel could call witnesses in the trial to address Reber's concerns.

The trial commenced and the parties presented opening statements. C.P.N. presented testimony the first day and the morning of the second day of trial. At the close of cross-examination, Reber's counsel made an oral motion to permit Reber to personally cross-examine C.P.N. The district court denied the motion without explanation. The state then conducted redirect examination of C.P.N. and Reber's counsel conducted re-cross examination.

The next witness was C.P.N.'s fourteen-year-old sister. Following the sister's testi-

mony, Reber's counsel made an oral motion for the court to permit Reber to personally cross-examine C.P.N's sister. In support of the motion, Reber personally addressed the court and requested permission to cross-examine the state's witnesses. He wanted to conduct the cross-examinations because he knew the important testimony that needed to be exposed better than his attorneys. He desired, however, that his counsel conduct the rest of the trial because it was out of Reber's area of knowledge. The court denied the motion because Reber was represented by counsel and because the court was not aware of any court utilizing the procedure requested by Reber. The court also stated that Reber's counsel could adequately cover the factual areas that Reber deemed necessary.

C.P.N.'s mother also presented testimony and during her cross-examination, Reber's counsel requested a hearing outside the presence of the jury. After the jury left the courtroom, Reber's counsel informed the district court that Reber desired to dismiss his two attorneys and to represent himself. The court denied the motion for self-representation without explanation.

After C.P.N.'s brother and a social worker presented testimony, the district court revisited Reber's request to represent himself. The court noted that the motion was made in the middle of testimony and that the court had assumed the grounds were the same as for the earlier motions to conduct cross-examination. Reber responded that it was too late for self-representation because the witnesses he wanted to cross-examine had concluded their testimony. He stated that there would be no purpose at that point in dismissing his attorneys, as they knew the law and he did not. Although the court did not explicitly state why it denied Reber's motion for self-representation, it agreed with the state's argument that it was inappropriate to dismiss counsel in the middle of cross-examination.

The jury subsequently found Reber guilty on one count of lewd conduct with a minor under sixteen. The district court sentenced Reber to a unified sentence of sixteen years, with four years determinate. Reber appeals.

## II.

### SIXTH AMENDMENT RIGHT TO SELF–REPRESENTATION

■■■ Reber argues that the district court erred by denying his motion for self-representation in violation of the Sixth and Fourteenth Amendments to the United States Constitution. A defendant has a right to self-representation under the Sixth Amendment. *Faretta v. California,* 422 U.S. 806, 817–36, 95 S.Ct. 2525, 2532–41, 45 L.Ed.2d 562, 571–82 (1975); *State v. Langley,* 110 Idaho 895, 899, 719 P.2d 1155, 1159 (1986). The right to self-representation, however, is not absolute. *Martinez v. Court of Appeal of California,* 528 U.S. 152, 161–62, 120 S.Ct. 684, 690–91, 145 L.Ed.2d 597, 606–07 (2000). The defendant must voluntarily and intelligently elect to conduct his own defense and thus, should be made aware of the dangers and disadvantages of self-representation. Moreover, the request for self-representation must be timely. *See id; U.S. v. Oakey,* 853 F.2d 551, 553 (7th Cir.1988); *U.S. v. Smith,* 780 F.2d 810, 811 (9th Cir.1986).

■■■ We conclude that the district court correctly denied Reber's request for self-representation.[1] A motion for self-representation is timely if made prior to the commencement of meaningful trial proceedings. *Oakey,* 853 F.2d at 553; *Smith,* 780 F.2d at 811; *Fritz v. Spalding,* 682 F.2d 782, 784 (9th Cir.1982). Empanelment of a jury is a meaningful trial proceeding; thus, a motion for self-representation after jury empanelment is untimely. *See U.S. v. Schaff,* 948 F.2d 501, 503 (9th Cir.1991); *Jackson v.Ylst,* 921 F.2d 882, 888 (9th Cir.1990); *Smith,* 780 F.2d at 811; *Fritz,* 682 F.2d at 784.

■■■ Where the request for self-representation is untimely, it nevertheless may be

---

1. Reber also submitted a written motion to the district court to permit a "hybrid" defense. We note this type of representation is not guaranteed by the Sixth Amendment to the United States

Constitution. *See McKaskle v. Wiggins,* 465 U.S. 168, 183, 104 S.Ct. 944, 953, 79 L.Ed.2d 122, 136 (1984).

278

granted in the trial court's discretion. *Oakey,* 853 F.2d at 553; *U.S. v. Brown,* 744 F.2d 905, 908 (2nd Cir.1984). We, therefore, review the trial court's denial of an untimely motion for self-representation under an abuse of discretion standard. *See Oakey,* 853 F.2d at 553. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

■ In the instant case, Reber did not make a motion for self-representation until after the jury was empaneled. The motion was made on the second day of trial and after several witnesses had testified. Thus, Reber's motion was untimely because it was made following the commencement of meaningful trial proceedings. Although the district court did not express a rationale for its denial, it agreed with the state that the timing of the motion was inappropriate. Considering Reber's acknowledgment of his limitations in the law, we conclude the district court did not abuse its discretion in denying Reber's motion for self-representation made after jury empanelment and during the second day of trial.

### III.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY SENTENCING REBER TO IMPRISONMENT

Reber argues that the trial court abused its discretion by failing to consider the sentencing criteria in I.C. § 19–2521. We consider Reber's argument to raise the issue of whether the trial court erred in choosing imprisonment over probation for Reber's sentence, rather than whether his sentence is excessive.

■ Idaho Code § 19–2521 provides criteria for a trial court's decision regarding whether a defendant should be placed on probation, not criteria for a decision determining the length of a sentence. *State v. Brandt,* 109 Idaho 728, 730, 710 P.2d 638, 640 (Ct.App.1985); *State v. Spurgeon,* 107 Idaho 175, 177–78, 687 P.2d 19, 21–22 (Ct.App. 1984); *see State v. Burroughs,* 107 Idaho 195, 196, 687 P.2d 585, 586 (Ct.App.1984). After considering whether imprisonment is appropriate, the trial court determines the length of imprisonment guided by the goals of sentencing as described in *State v. Toohill,* 103 Idaho 565, 567–68, 650 P.2d 707, 709–10 (Ct. App.1982). *See State v.Casper,* 123 Idaho 796, 797, 853 P.2d 1, 2 (Ct.App.1993); *Brandt,* 109 Idaho at 730, 710 P.2d at 640; *Burroughs,* 107 Idaho at 196, 687 P.2d at 586. A trial court may, however, find that some factors considered under I.C. § 19–2521 support a shorter period of confinement. *See Brandt,* 109 Idaho at 730, 710 P.2d at 640.

■ A trial court's decision regarding whether imprisonment or probation is appropriate is within its discretion. *See State v. Staten,* 114 Idaho 925, 927, 762 P.2d 838, 840 (Ct.App.1988); *Brandt,* 109 Idaho at 729–30, 710 P.2d at 639–40; *Spurgeon,* 107 Idaho at 177–78, 687 P.2d at 21–22. As previously discussed, when a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court has abused its discretion. *State v.Grube,* 126 Idaho 377, 381, 883 P.2d 1069, 1073 (1994); *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

■ A trial court is required to consider the criteria of I.C. § 19–2521 prior to imposing a sentence of imprisonment. *Staten,* 114 Idaho at 927, 762 P.2d at 840; *Spurgeon,* 107 Idaho at 177, 687 P.2d at 21. It is not required, however, to recite the statutory criteria of I.C. § 19–2521, or its application of the facts to those criteria in rendering its decision on probation. *State v. Martinez,* 122 Idaho 158, 163, 832 P.2d 331, 336 (Ct. App.1992); *see Casper,* 123 Idaho at 797, 853 P.2d at 2; *State v. Cardenas,* 119 Idaho 109, 111, 803 P.2d 1015, 1017 (Ct.App.1991). A decision to deny probation will not be deemed an abuse of discretion if it is consistent with the criteria articulated in I.C. § 19–2521. *Toohill,* 103 Idaho at 567, 650 P.2d at 709. Several Idaho cases have upheld a trial court's decision to imprison a defendant

when it has considered factors falling under the statute's criteria, although the trial court's consideration of the criteria is not expressly made on the record. *See Staten,* 114 Idaho at 927, 762 P.2d at 840; *Burroughs,* 107 Idaho at 196, 687 P.2d at 586.[2]

In the instant case, the trial court was aware that the presentence investigation report did not recommend probation. The trial court expressly considered the four goals of sentencing under *Toohill,* 103 Idaho 565, 650 P.2d 707. In its consideration, the trial court determined that Reber was a threat to any teenage girl in his home and that he was in denial about his conduct. The district court considered Reber's denial an obstacle to rehabilitation. It also determined that a determinate period of only one, two or three years would understate the severity of Reber's conduct. These factors identified by the district court also fall under the criteria of I.C. § 19–2521. Accordingly, we conclude that the district court properly considered the factors set forth in I.C. § 19–2521 in determining that imprisonment was an appropriate sentence for Reber.

## IV.

## CONCLUSION

We conclude the district court did not err in denying Reber's untimely motion for self-representation where Reber conceded he needed representation by counsel because they knew the law. We further conclude the district court did not err in sentencing Reber to serve a term of imprisonment, having properly considered the factors in I.C. § 19–2521. Accordingly, Reber's judgment of conviction and sentence are affirmed.

Chief Judge PERRY and Judge LANSING, concur.

---

2. *State v. Spurgeon,* 107 Idaho 175, 687 P.2d 19 (Ct.App.1984), is distinguishable from this case. In *Spurgeon,* the trial court did not give any explanation of the sentence imposed. This Court stated that as there was no indication in the record that I.C. § 19–2521 criteria were considered, the Court, if it had been "a close case" for

probation, would have vacated and remanded for sentencing. *Id.* at 177, 687 P.2d at 21. In the instant case, the district court did discuss the factors it evaluated in determining the sentence, which overlap with the factors it was required to consider under I.C. § 19–2521.