**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50118/50119**

| | |
|---|---|
| STATE OF IDAHO, )<br><br>Plaintiff-Respondent, )<br><br>v. )<br><br>CRYSTAL ANN MIDTHUN, )<br><br>Defendant-Appellant. ) | **Filed: July 10, 2023**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier Gabiola, District Judge.

Judgments of conviction and aggregate unified sentence of fourteen years, with a minimum period of incarceration of seven years, for grand theft, illegal possession of a weapon, and possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 50118, Crystal Ann Midthun pled guilty to grand theft, Idaho Code § 18-2403(1), and the district court imposed a unified fourteen-year sentence, with a minimum period of incarceration of seven years. In Docket No. 50119, Midthun pled guilty to unlawful possession of a weapon, I.C. § 18-3316(1), and possession of a controlled substance, I.C. § 37-2732(c)(1). The district court imposed a determinate five-year sentence for unlawful possession of a weapon and a unified seven-year sentence, with a minimum period of incarceration of five years, for the possession of controlled

1

substance.  The sentences were ordered to run concurrently.  In exchange for her guilty pleas, additional charges were dismissed.  Midthun appeals, contending that her sentences are excessive.  Specifically, Midthun asserts the district court abused its discretion by failing to retain jurisdiction.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  That discretion includes the trial court's decision regarding whether to retain jurisdiction.  I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).  The record in this case shows that the district court properly considered the information before it and determined that retaining jurisdiction was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Midthun's judgments of conviction and sentences are affirmed.