**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50720**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 5, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CRAIG H. BARNUM, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Rick Carnaroli, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of incarceration of four years, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Craig H. Barnum pled guilty to a no contact order violation, Idaho Code § 18-920(3). The district court imposed a unified sentence of five years, with a minimum period of incarceration of four years. Barnum appeals, contending that the district court abused its discretion by declining to place him on probation and by imposing an excessive sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984);

1

*State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by imposing sentence or declining to place Barnum on probation. Therefore, Barnum's judgment of conviction and sentence are affirmed.