# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50334

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

RUBY HOPE JONES,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: April 16, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Judgment of conviction and concurrent, unified sentences of eight years, with minimum periods of confinement of two years, for aggravated battery and grand theft and a concurrent, unified sentence of five years, with a minimum period of confinement of two years, for felony eluding an officer, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Ruby Hope Jones pled guilty to aggravated battery, I.C. §§ 18-903 and 18-907(1)(a); grand theft, I.C. §§ 18-2403(1) and 18-2407(1)(b)(1); and felony eluding an officer, I.C. § 49-1404(2). In exchange for her guilty pleas, additional charges were dismissed. The district court sentenced Jones to concurrent, unified terms of eight years, with minimum periods of confinement of two years, for aggravated battery and grand theft and a concurrent, unified term of five years, with a minimum period of confinement of two years, for felony eluding an officer. Jones appeals, arguing

1

that her sentences are excessive and that the district court should have placed her on probation or retained jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 18-2601(3), (4). *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation or retaining jurisdiction was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Jones's judgment of conviction and sentences are affirmed.