# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50926

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

ROBERT WARREN STATES,

    Defendant-Appellant.

)
)  **Filed:  April 16, 2024**
)
)  **Melanie Gagnepain, Clerk**
)
)  **THIS IS AN UNPUBLISHED**
)  **OPINION AND SHALL NOT**
)  **BE CITED AS AUTHORITY**
)
)
)

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Javier L. Gabiola, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of three years, for aggravated battery, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

————————————————————————

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

————————————————————————

PER CURIAM

    Robert Warren States pled guilty to aggravated battery.  I.C. § 18-1907.  In exchange for his guilty plea, additional charges were dismissed.  The district court sentenced States to a unified term of fifteen years, with a minimum period of confinement of three years.  States filed an I.C.R. 35 motion, which the district court denied.  States appeals, arguing that his sentence is excessive and that the district court should have retained jurisdiction.

    Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 18-2601(3), (4). *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that retaining jurisdiction was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, States' judgment of conviction and sentence are affirmed.