# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52252

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

RICARDO SANGUINO-TELLEZ,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: December 2, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of three years, for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

---

PER CURIAM

    Ricardo Sanguino-Tellez was found guilty of possession of a controlled substance (Idaho Code § 37-2732(c)(1)).[1] The district court sentenced Sanguino-Tellez to a unified term of seven years, with a minimum period of confinement of three years. Sanguino-Tellez filed an Idaho Criminal Rule 35 motion.[2] Sanguino-Tellez appeals, arguing that his sentence is excessive. He

---

[1]     Sanguino-Tellez was also found guilty of driving without privileges; however, he does not challenge this conviction or sentence on appeal.

[2]     On appeal, Sanguino-Tellez does not raise any issues related to his Rule 35.

asserts the district court should have placed him on probation, imposed a lesser sentence and retained jurisdiction, or imposed a two-year determinate term.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation or retaining jurisdiction were not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Sanguino-Tellez's judgment of conviction and sentence are affirmed.