**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44870**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 555** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 22, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **THOMAS LASETER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. Eric J. Wildman, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of three years, for possession of morphine, <u>affirmed</u>; order relinquishing jurisdiction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Thomas Laseter was found guilty of possession of morphine, Idaho Code § 37-2732(c)(1). The district court imposed a unified sentence of seven years, with a minimum period of confinement of three years. The district court retained jurisdiction, and Laseter was sent to participate in the rider program.

After Laseter completed his rider, the district court relinquished jurisdiction. Laseter appeals, claiming that the district court erred by retaining jurisdiction rather than placing him on probation and by later relinquishing jurisdiction.

1

Sentencing is a matter for the trial court's discretion. That discretion includes the trial court's decision regarding whether a defendant should be placed on probation. I.C. § 19-2601(3); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Laseter argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Laseter's case. The record does not indicate that the district court abused its discretion in retaining jurisdiction.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Laseter has failed to show that the district court abused its discretion in relinquishing jurisdiction.

The order of the district court relinquishing jurisdiction and Laseter's sentence are affirmed.