**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45693**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 31, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DERREK WATERMAN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction and unified sentence of two years, with a minimum period of confinement of one year, for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

―――――――――――――――――――――――――

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

―――――――――――――――――――――――――

PER CURIAM

Derrek Waterman was found guilty of possession of a controlled substance, Idaho Code § 37-2732(c)(1). The district court imposed a unified two-year sentence, with one year determinate, and retained jurisdiction. Later, the district court relinquished jurisdiction and executed the underlying sentence. Waterman appeals, contending that the district court abused its discretion by not placing him on probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Waterman has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Waterman's judgment of conviction and sentence and order relinquishing jurisdiction are affirmed.