# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50552

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 13, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| FRANKLIN ELDRICK ALLBEE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Lamont C. Berecz, District Judge.

Judgment of conviction and unified sentence of eight years, with a minimum period of incarceration of two years, for felony driving under the influence (found guilty of two or more violations within ten years), <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge
and LORELLO, Judge

_____

PER CURIAM

Franklin Eldrick Allbee pled guilty to felony driving under the influence (found guilty of two or more violations within ten years), Idaho Code § 18-8005(6). In exchange for his guilty plea, additional charges were dismissed. Both the State and Allbee recommended the district court impose a unified eight-year sentence, with a minimum period of incarceration of two years, and suspend the sentence for probation. The district court imposed a unified eight-year sentence, with a minimum period of incarceration of two years. The court declined to suspend the sentence and

1

place Allbee on probation. Allbee appeals, contending that the district court should have granted probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Allbee's judgment of conviction and sentence are affirmed.