## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50467

STATE OF IDAHO, )
            ) Filed: February 29, 2024
        Plaintiff-Respondent, )
            ) Melanie Gagnepain, Clerk
v. )
            ) THIS IS AN UNPUBLISHED
NANCY ELISABETH FORDYCE, ) OPINION AND SHALL NOT
            ) BE CITED AS AUTHORITY
        Defendant-Appellant. )
            )

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of incarceration of two years, for vehicular manslaughter, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge
and LORELLO, Judge

_____

PER CURIAM

Nancy Elisabeth Fordyce pled guilty to vehicular manslaughter, Idaho Code § 18-4006(3)(a). The district court imposed a unified sentence of ten years, with a minimum period of incarceration of two years. Fordyce appeals, contending that her sentence is excessive and the district court should have granted her probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984);

1

*State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). When reviewing the length of a sentence, we consider the defendant's entire sentence. The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. Further, our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Fordyce's judgment of conviction and sentence are affirmed.