**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50985**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed:  April 25, 2024** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| TIMOTHY JOSHUA MILLER, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Brent L. Whiting, District Judge.

Judgment of conviction and sentence of seven years with three years determinate for domestic battery with traumatic injury, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

In 2015, Timothy Joshua Miller pled guilty to domestic battery with traumatic injury, Idaho Code §§ 18-903(a), 18-908(2) (Docket No. 43192).  The district court sentenced him to seven years with three years determinate and retained jurisdiction.  Miller appealed and this Court affirmed the district court's judgment of conviction and sentence.  *State v. Miller*, Docket No. 43192 (Ct. App. Nov. 16, 2015) (unpublished).  Following the period of retained jurisdiction, the district court suspended execution of the sentence and placed Miller on probation for four years.

Miller twice admitted to violating his probation and the district court extended his term of probation.  Thereafter, Miller absconded from supervision.  The district court found Miller had willfully violated his probation and revoked Miller's probation, reimposed his previously

1

suspended sentence, and placed Miller on another period of retained jurisdiction. Miller appeals, asserting that the district court erred by placing him on a retained jurisdiction rather than returning him to probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation/retaining jurisdiction was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Miller's judgment of conviction and sentence are affirmed.