# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50630

STATE OF IDAHO, )
            ) **Filed: May 15, 2024**
       Plaintiff-Respondent, )
            ) **Melanie Gagnepain, Clerk**
v. )
            ) **THIS IS AN UNPUBLISHED**
TAYLOR CARL BENEDICT, ) **OPINION AND SHALL NOT**
            ) **BE CITED AS AUTHORITY**
       Defendant-Appellant. )
            )

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Judgment of conviction and unified sentence of ten years with a minimum period of confinement of three years for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

      Taylor Carl Benedict was found guilty of possession of a controlled substance, Idaho Code § 37-2732(c)(1); possession of drug paraphernalia, I.C. § 37-2734A(1); driving under the influence, I.C. § 18-8004; and Benedict pled guilty to being a persistent violator, I.C. § 19-2514. The district court imposed a sentence of ten years with three years determinate for possession of a controlled substance.[1] Benedict appeals, contending that the district court abused its discretion by failing to place him on probation.

_____

[1]      Benedict does not appeal from his convictions for possession of drug paraphernalia and driving under the influence.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation/retaining jurisdiction was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Benedict's judgment of conviction and sentence are affirmed.