# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50943

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JUAN ANTHONY ESCOBEDO IRWIN,

    Defendant-Appellant.

Filed: August 27, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Alan C. Stephens, Senior District Judge. Hon. Darren B. Simpson, District Judge.

Judgment of conviction and unified sentence of six years with a minimum period of confinement of three years for possession of a controlled substance and concurrent term of six months for domestic battery, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Juan Anthony Escobedo Irwin pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1); and misdemeanor domestic battery, I.C. § 18-918(3)(b). In exchange for his guilty plea, additional charges were dismissed. Irwin failed to schedule his PSI interview and failed to appear for his GAIN assessment and two of his sentencing hearings. Subsequently, the district court imposed a sentence of six years with three years determinate for possession of a controlled substance, a concurrent term of six months for misdemeanor domestic battery, and retained jurisdiction. Irwin appeals, contending that the district court abused its discretion by

1

imposing an excessive sentence, either in terms of the length of the sentence or by retaining jurisdiction rather than suspending his sentence and placing him on probation.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Irwin's judgment of conviction and sentence are affirmed.

---

[1]    By the time this case was submitted for decision, Irwin had completed his period of retained jurisdiction and was placed on a period of probation.