**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51646**

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　　Plaintiff-Respondent,<br><br>v.<br><br>JOE QUILIMACO, JR.,<br><br>　　　　Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Filed:  October 22, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

—————————————————————

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Jason D. Scott, District Judge.

Judgment of conviction and indeterminate sentence of five years for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

—————————————————————

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

—————————————————————

PER CURIAM

Joe Quilimaco, Jr. pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c).  The district court imposed a five-year indeterminate sentence.  Quilimaco appeals, contending that the district court abused its discretion by imposing an excessive sentence and by not granting probation.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984);

1

*State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Quilimaco's judgment of conviction and sentence are affirmed.