**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51132**

| | |
|---|---|
| STATE OF IDAHO,<br><br>        **Plaintiff-Respondent,**<br><br>v.<br><br>**JOSHUA PRICE WASSERBURGER,**<br><br>        **Defendant-Appellant.** | ) <br> )  **Filed: December 31, 2024**<br> )<br> )  **Melanie Gagnepain, Clerk**<br> )<br> )  **THIS IS AN UNPUBLISHED**<br> )  **OPINION AND SHALL NOT**<br> )  **BE CITED AS AUTHORITY**<br> )<br> )<br> ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction and unified term of seven years, with a minimum period of confinement of two years, for felony possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

---

PER CURIAM

Joshua Price Wasserburger pled guilty to felony possession of a controlled substance. Idaho Code § 37-2732(c). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Wasserburger to a unified term of seven years, with a minimum period of confinement of two years. Wasserburger filed an Idaho Criminal Rule 35 motion, which the

district court denied.[1]  Wasserburger appeals, contending that the district court abused its discretion by failing to place him on probation.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction.  I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).  The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Therefore, Wasserburger's judgment of conviction and sentence are affirmed.

---

[1]  On appeal, Wasserburger does not challenge the district court's denial of his Rule 35 motion for reduction of his sentence.