**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51275**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 17, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JONATHAN DAVID WYBLE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Matthew J. Roker, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum incarceration of two years, for aggravated assault with the use of a deadly weapon, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

PER CURIAM

The State charged Jonathon David Wyble with misdemeanor domestic violence, violation of protective order, Idaho Code § 39-6312(1), and two counts of felony aggravated assault with the use of a deadly weapon, I.C. §§ 18-905, 19-2520. Wyble pleaded guilty to the misdemeanor and following a trial, a jury found Wyble guilty of one of the aggravated assault charges and not guilty on the other count. The district court imposed a unified sentence of ten years, with a minimum period of incarceration of two years, for the felony aggravated assault with the use of a deadly weapon enhancement conviction, and retained jurisdiction. Wyble appeals, contending that

1

his sentence is excessive. Specifically, Wyble contends the district court abused its discretion by declining to place him on a term of probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Wyble's judgment of conviction and sentence are affirmed.