**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51635**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>CHAD LEE SPRINGSTEAD,<br><br>      Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed: January 17, 2025**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of incarceration of four years, for failure to register as a sex offender, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Devin E. Harris, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

      Chad Lee Springstead pled guilty to failure to register as a sex offender, Idaho Code § 19-2513. In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of ten years, with a minimum period of incarceration of four years. Springstead appeals, contending the district court abused its discretion by imposing an excessive sentence by failing to retain jurisdiction.

      Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-

1

15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

In this case, the district court properly considered the information before it and initially decided to retain jurisdiction. However, Springstead's behavior provided additional information to the district court that it was unlikely Springstead would meet the expectations set by the court. Consequently, the record in this case shows that the district court properly considered the information before it and ultimately determined that neither probation nor a period of retained jurisdiction was appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Springstead's judgment of conviction and sentence are affirmed.