# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52127

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

ANIBAL SILVA PUGA,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 31, 2025

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Randall S. Grove, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of one and one-half years, for felony using a telephone to harass, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Anibal Silva Puga entered an *Alford*[1] to felony using a telephone to harass. I.C. § 18-6710(1)(c). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Puga to a unified term of five years, with a minimum period of confinement of one and one-half years. Puga appeals, arguing that his sentence is excessive and the district court should have placed him on probation.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Sentencing discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 18-2601(3), (4). *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Puga's judgment of conviction and sentence are affirmed.