**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51341**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  May 21, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL JOSEPH NEIL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Hon. Michael J. Whyte, District Judge.

Judgment of conviction and concurrent unified sentences of five years, with a minimum period of incarceration of one and one-half years, for possession of a controlled substance with the intent to manufacture or deliver and unlawful possession of a firearm by a felon, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Michael Joseph Neil entered an *Alford*[1] plea to possession of a controlled substance with the intent to manufacture or deliver, Idaho Code § 37-2732(a)(1)(B), and unlawful possession of a firearm by a convicted felon, I.C. 18-3316(1).  In exchange for his guilty plea, additional charges were dismissed.  The district court imposed concurrent unified sentences of five years, with a

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

minimum period of incarceration of one and one-half years. Neil appeals, contending that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation/retaining jurisdiction was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Neil's judgment of conviction and sentences are affirmed.