**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52372**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 5, 2025** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| WADE LEON MESSERLY, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Barbara Duggan, District Judge.

Judgment of conviction and unified concurrent sentences of five years with two years determinate for possession of a controlled substance, introduction of contraband into a correctional facility, and harboring a wanted felon, <u>affirmed</u>.

Waldron Legal, PLLC; Maya P. Waldron, Boise for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Wade Leon Messerly, Jr. pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1); introducing contraband into a correctional facility, I.C. § 18-2510(3); and harboring a felon, I.C. § 18-205(2). The district court imposed concurrent unified terms of five years with two years determinate for each conviction.[1] Messerly appeals asserting that the district

---

[1]    Messerly also pled guilty and was sentenced to credit for time served for misdemeanor possession of paraphernalia and obstruction or delay of an officer. Messerly does not appeal from these judgments of conviction and sentences.

court abused its discretion by imposing excessive sentences and by declining to place Messerly on probation or retain jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation/retaining jurisdiction was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Messerly's judgments of conviction and sentences are affirmed.