**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51878**

| | |
|---|---|
| STATE OF IDAHO,<br><br>        **Plaintiff-Respondent,**<br><br>v.<br><br>**JOSHUA JASON HANSEN,**<br><br>        **Defendant-Appellant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed:  June 27, 2025**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Franklin County.  Hon. Cody L. Brower, District Judge.

Judgment of conviction and aggregate term of fifteen years with a minimum period of incarceration of ten years, for vehicular manslaughter and aggravated driving under the influence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Joshua Jason Hansen pleaded guilty to vehicular manslaughter, Idaho Code § 18-4006(3)(b), and aggravated driving under the influence (DUI), I.C. § 18-8006.  In exchange for his guilty plea, additional charges were dismissed.  The district court imposed an aggregate term of fifteen years with a minimum period of incarceration of ten years.  Hansen appeals, contending that his sentence is excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction.  I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).  The record in this case shows that the district court properly considered the information before it and determined that probation/retaining jurisdiction was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Hansen's judgment of conviction and sentence are affirmed.