# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51283

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

TANNER CHRISTOPHER BILLS,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: August 12, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Rick Carnaroli, District Judge.

Judgment of conviction and four concurrent, unified sentences of twenty years, with minimum periods of confinement of ten years, for two counts of delivery of a controlled substance and two counts of possession of a controlled substance with the intent to deliver, <u>affirmed</u>; and <u>case remanded to ensure correction of PSI</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Tanner Christopher Bills appeals from his judgment of conviction and four concurrent, unified sentences of twenty years, with minimum periods of confinement of ten years, for two counts of delivery of a controlled substance and two counts of possession of a controlled substance with the intent to deliver. We affirm Bills' judgment of conviction and sentences; however, we remand this case for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

An Idaho State Police informant purchased controlled substances from Bills in a controlled buy on three different instances. Idaho State Police later executed an arrest warrant and seized

1

more controlled substances. The State charged Bills with delivery of a controlled substance (heroin), trafficking in heroin, delivery of a controlled substance (fentanyl), and possession of a controlled substance with the intent to deliver (fentanyl). The State also filed an Information Part II alleging Bills should be sentenced as a subsequent offender.

Pursuant to a plea agreement, Bills pled guilty to two counts of delivery of a controlled substance (Idaho Code § 37-2732(a)(1)(A)) and two counts of possession of a controlled substance with the intent to deliver, (I.C. § 37-2732(a)(1)(A)). The State dismissed Part II of the Information.

During the sentencing hearing, Bills identified six errors that should be corrected in the presentence investigation Report (PSI). The State did not object and the district court accepted the corrections to the PSI but a redlined version of the PSI is not included in the record on appeal, nor does the record include an order of correction attached to the PSI. The district court sentenced Bills to four concurrent, unified terms of twenty years, with minimum periods of confinement of ten years.[1] Bills appeals.

## II.

## STANDARD OF REVIEW

A district court's decision on a motion to strike or delete portions of a PSI and a district court's sentencing decision are reviewed on appeal for an abuse of discretion. *State v. Ogden*, 171 Idaho 258, 266, 274, 519 P.3d 1198, 1206, 1214 (2022). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Bills argues the district court abused its discretion by failing to redline uncontested corrections to his PSI. Bills requests this Court remand his case to the district court to ensure that

---

[1] Bills filed an Idaho Criminal Rule 35 motion for a reduction of his sentences, which the district court denied. On appeal, Bills does not challenge the district court's denial of his Rule 35 motion for reduction of his sentences.

the corrections to the PSI are reflected and that a corrected copy of the PSI is distributed to the Idaho Department of Correction (IDOC). Bills also argues the district court abused its discretion by failing to retain jurisdiction and imposing unreasonable sentences. The State argues that Bills failed to show that the district court abused its sentencing discretion, but acknowledges Idaho Supreme Court precedent requires remand to ensure corrections to the PSI. Consequently, we remand this case to the district court for the limited purpose of ensuring that the corrections in the PSI are redlined, a copy of the redlined PSI is made part of the district court's record, and the redlined PSI report is transmitted to IDOC in accordance with Idaho Criminal Rule 32. *See State v. Greer*, 171 Idaho 555, 563, 524 P.3d 386, 394 (2023).

As to his sentences, Bills argues that, considering the mitigating factors, the district court abused its discretion by imposing unreasonable sentences. Bills asserts the district court should have imposed shorter sentences and allowed him to participate in the rider program. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its sentencing discretion.

## IV.

## CONCLUSION

The parties agree that a remand for the limited purpose of ensuring the corrections are reflected in the PSI and distributed to IDOC is appropriate. Bills has failed to meet his burden to show the district court abused its sentencing discretion. Therefore, Bills' judgment of conviction

and sentences are affirmed, and the case is remanded for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.