## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52030

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 10, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| GARY LEON CHAFFIN, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Stevan H. Thompson, District Judge.

Judgment of conviction and unified sentence of four years with two years determinate for video voyeurism, <u>affirmed</u>; case remanded for corrections to and distribution of presentence investigation report.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

Gary Leon Chaffin, Jr. pled guilty to video voyeurism, Idaho Code § 18-6605(3). In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified term of four years with two years determinate and retained jurisdiction. Chaffin filed an Idaho Criminal Rule 35 motion for reduction of sentence which was denied.[1] Following the period

---

[1] Chaffin does not appeal from the district court's order denying his Idaho Criminal Rule 35 motion.

of retained jurisdiction, the district court suspended Chaffin's sentence and placed him on supervised probation for a period of three years.

At the sentencing hearing, the district court asked Chaffin's counsel if there were any part of the presentence investigation report (PSI) that needed to be clarified or corrected. Chaffin's counsel explained that four corrections were needed. The State did not object and the district court agreed to make the corrections; however, there is no notation or addendum reflecting the changes in the record. Chaffin appeals, contending that the district court abused its discretion in failing to redline the errors in his PSI and by imposing an excessive sentence when the district court retained jurisdiction instead of placing Chaffin on probation.

Chaffin requests that this Court remand this case to the district court to ensure that the corrections to the PSI are reflected in the PSI and that a corrected copy of the PSI is distributed to the Idaho Department of Correction (IDOC). The State agrees to a limited remand to the district court. Consequently, we remand to the district court for the limited purpose of ensuring that the statement in the PSI is redlined, a copy of the redlined PSI is made part of the district court's record, and the redlined PSI report is transmitted to IDOC in accordance with I.C.R. 32. *See State v. Greer*, 167 Idaho 555, 561, 524 P.3d 386, 393 (2022).

Chaffin contends the district court abused its discretion by retaining jurisdiction rather than placing him on probation. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Chaffin's judgment of conviction and sentence are affirmed. The parties agree that a remand for the limited purpose of ensuring the correction

noted above is reflected in the PSI and distributed to IDOC is appropriate.  This case is remanded for corrections to and distribution of the PSI.