# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52484

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

JOSE MEZA MACEDA,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: January 28, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gabriel McCarthy, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of two years, for failure to register as a sex offender, <u>affirmed</u>; case remanded for corrections to and distribution of presentence investigation report.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Allison C. Jaros, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Jose Meza Maceda was found guilty of failure to register as a sex offender, Idaho Code § 18-8307. The district court sentenced Maceda to a unified term of ten years, with a minimum period of confinement of two years.

At the sentencing hearing, Maceda informed the district court of errors in the presentence investigation report (PSI). The State did not object and the district court agreed to make the corrections; however, there is no notation or addendum reflecting the changes in the record. Maceda appeals, contending that the district court abused its discretion in failing to redline the

1

errors in his PSI and by imposing an excessive sentence when the district court declined his request for a suspended sentence and he was, instead, sentenced with "no opportunity for probation."

Maceda requests that this Court remand this case to the district court to ensure that the corrections to the PSI are reflected in the PSI and that a corrected copy of the PSI is distributed to the Idaho Department of Correction (IDOC). The State agrees to a limited remand to the district court. Consequently, we remand to the district court for the limited purpose of ensuring that the statements in the PSI are redlined, a copy of the redlined PSI is made part of the district court's record, and the redlined PSI report is transmitted to IDOC in accordance with Idaho Criminal Rule 32. *See State v. Greer*, 167 Idaho 555, 561, 524 P.3d 386, 393 (2022).

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Maceda's judgment of conviction and sentence are affirmed. The parties agree that a remand for the limited purpose of ensuring the corrections noted above are reflected in the PSI and distributed to IDOC is appropriate. This case is remanded for corrections to and distribution of the PSI.