**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52543**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 3, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JESSICA LEE PEREZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Joseph Borton, District Judge.

Order revoking probation, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; GRATTON, Judge;
and LORELLO, Judge

_____

PER CURIAM

Jessica Lee Perez pled guilty to accessory to harbor and protect a person who committed a felony, Idaho Code § 18-205(2). The district court imposed a unified term of five years with two years determinate and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended Perez's sentence and placed her on probation for a period of five years. Subsequently, Perez admitted to violating the terms of the probation, and the district court consequently revoked probation and retained jurisdiction a second time. After completing the second period of retained jurisdiction, the district court placed Perez back on probation. Perez later, again, admitted to violating her probation. The district court consequently revoked probation

1

and imposed Perez's sentence. Perez appeals, arguing that the district court abused its discretion by revoking probation and imposing sentence rather than reinstating probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that reinstating probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, the district court's order revoking probation and ordering execution of Perez's sentence is affirmed.