**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52595**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  April 15, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| QUINTON BRICE TAYLOR, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County.  Hon. Susie D. Jensen, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of incarceration of eight years, for lewd conduct with a child under the age of sixteen years, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Quinton Brice Taylor was found guilty of lewd conduct with a child under the age of sixteen years, Idaho Code § 18-1508.[1]  The district court imposed a unified sentence of fifteen years, with a minimum period of incarceration of eight years.  Taylor appeals, contending that his sentence is excessive, and he should have been granted probation.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

---

[1]     Taylor was also found guilty of dispensing alcohol to a minor, Idaho Code § 23-603 and was sentenced to credit for time served.  That sentence is not at issue on appeal.

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation/retaining jurisdiction was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Taylor's judgment of conviction and sentence are affirmed.